IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAMIEN CHARLES FOWLER,

    Plaintiff,

v.

MIKE REESE and DEPUTY SIMMONS,

    Defendants.

Case No. 3:20-cv-02129-HZ

ORDER TO DISMISS

HERNANDEZ, District Judge.

Plaintiff, an inmate at the Multnomah County Jail at the time of filing, brings this civil rights action pursuant to 42 U.S.C. § 1983. In a separate Order, the Court granted Plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, the Court dismisses Defendant Reese because Plaintiff's allegations fail to state a claim as to this Defendant. *See* 28 U.S.C. § 1915(e)(2).

## BACKGROUND

Plaintiff alleges that after he engaged in an argument with Deputy Simmons, Simmons harassed him verbally, forced him to

1 - ORDER TO DISMISS

walk naked in front of other inmates, and used excessive force resulting in injury once Simmons reached his cell. He also claims that Defendant Reese, as the Multnomah County Sheriff, failed in his obligation to provide a safe and respectful environment within the Multnomah County Jail. Plaintiff asks the Court to award him injunctive relief as well as money damages in the amount of $300,000.

## **STANDARDS**

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

2 - ORDER TO DISMISS

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## DISCUSSION

Liberally construed, Plaintiff alleges that Deputy Simmons' actions violated the Eighth and Fourteenth Amendments. The Court allows these claims to proceed.

With respect to Plaintiff's claim against Defendant Reese, a plaintiff "must plead that each . . . defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation). "Liability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged

3 - ORDER TO DISMISS

constitutional deprivation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ortez v. Washington County*, 88 F.3d 804, 809 (9th Cir. 1996). A supervisor is liable for the constitutional violation of his or her employee if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. *Taylor*, 880 F.2d at 1045.

Plaintiff makes no allegations that Defendant Reese directed Deputy Simmons' actions, or that he knew of them and failed to prevent them. Instead, he asserts only that Reese, as the Multnomah County Sheriff, has a general duty to run a civil jail and, implicitly, that any wrongdoing is attributable to Reese as the Sheriff. In this regard, Plaintiff brings suit against Reese using an improper respondeat superior theory of liability. See *Monell v. New York City Dep't. of Social Services*, 436 U.S. 658, 691-94 (1978); *Taylor*, 880 F.2d at 1045. For this reason, Plaintiff fails to state a claim against Reese upon which relief can be granted.

## CONCLUSION

Defendant Reese is dismissed from this lawsuit. The Complaint shall continue as to Plaintiff's allegations against Defendant Simmons. The Court will issue a Notice of Lawsuit and

Request for Waiver of Service of Summons as to Defendant Simmons forthwith.

    The Clerk of Court is directed to send a copy of this Order to the Multnomah County Attorney.

    IT IS SO ORDERED.

    DATED this __20__ day of January, 2021.

                                 /s/ Marco Hernandez
                                 Marco A. Hernandez
                                 United States District Judge